UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **KAREEM OCTAVE** | **C.A. NO. 3:14-CV-000603** |
| **VERSUS** | **JUDGE: JOHN W. deGRAVELLES** |
| **M/V GREAT MIND, AND PCS NITROGEN FERTILIZER, L.P.** | **MAG.: STEPHEN C. RIEDLINGER** |

### THIRD-PARTY COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes PCS Nitrogen Fertilizer, L.P. ("PCS"), which assumes the position of Third-Party Plaintiff and avers as follows:

1.

Made Third-Party Defendant in this matter is Turner Specialty Services, LLC ("Turner"), a Louisiana limited liability company doing business in the State of Louisiana, and over whom this Honorable Court has jurisdiction.

2.

The plaintiff, Kareem Octave, alleges that he was employed by Turner on or about September 22, 2013 when he sustained personal injuries while performing services for Turner aboard the M/V GREAT MIND. Mr. Octave has named PCS as a defendant in the captioned matter.

3.

At all material times, Turner and PCS were parties to a contract entitled "Agreement for Dock & Terminal Services," dated June 28, 2013, which contract governs the work performed by Turner and its employees, including the plaintiff, at the time of the alleged incident.

4.

The subject Agreement for Dock & Terminal Services provides that Turner will defend, indemnify, and hold harmless PCS from and against any and all claims liabilities, losses, damages, costs, and expenses of every kind and character, including attorneys' fees, arising out of any act or omission on the part of Turner or any person or entity under Turner's control.

5.

The subject Agreement for Dock & Terminal Services further obligated Turner to procure and maintain certain insurance policies covering its defense and indemnity obligations, and further obligating Turner to cause PCS to be named as an additional insured under said policies, along with waivers of subrogation.  Under the Agreement for Dock & Terminal Services, said coverage shall be primary and non-contributory to any insurance maintained by PCS.

6.

While PCS denies the allegations made by the plaintiff in their entirety and avers that the alleged incident was caused solely by his fault, in the event that the plaintiff is found to not be solely at fault, PCS avers, upon information and belief, that the alleged incident giving rise to the plaintiff's claim was caused by the negligence or fault of Turner and/or individuals, entities, and/or vessels under Turner's control.

7.

Turner has failed provide a defense and indemnification to PCS as required under the Agreement for Dock & Terminal Services.

8.

Furthermore, upon information and belief, Turner has failed to notify the appropriate insurer and ensure that PCS is defended and indemnified as required under the insurance provision of the Agreement for Dock & Terminal Services.  Alternatively, Turner failed to procure insurance coverage in favor of PCS as required under the Agreement for Dock & Terminal Services.

**WHEREFORE**, Third-Party Plaintiff, PCS Nitrogen Fertilizer, L.P., prays that after due proceedings are had, there be judgment in its favor and against Third-Party Defendant, Turner Specialty Services, LLC for:

1. Full contribution and/or indemnity in the full amount of any judgment, damages and/or settlement in favor of the plaintiff, Kareem Octave;

2. Insurance coverage in favor of Third-Party Plaintiff, PCS Nitrogen Fertilizer, L.P., on any applicable policies of insurance issued to Turner Specialty Services, LLC, said coverage being primary and non-contributory to any policies of insurance issued to PCS Nitrogen Fertilizer, L.P., and with a full waiver of subrogation in favor of PCS Nitrogen Fertilizer, L.P., or, alternatively, all applicable damages for Turner Specialty Services, LLC's breach of its contractual obligation to procure and maintain said insurance coverage in favor of PCS Nitrogen Fertilizer, L.P.;

3. All attorneys' fees, defense costs, expenses, and court costs incurred by PCS Nitrogen Fertilizer, L.P. in defending the above-captioned matter, along with judicial interest as allowed by law; and

4. All general and equitable relief that this Honorable Court deems fit.

Respectfully submitted,

*s/Erin L. Kilgore*
Esteban Herrera, Jr., T.A. (#20859)
esteban.herrera@keanmiller.com
Karli G. Johnson (#26304)
karli.johnson@keanmiller.com
Erin L. Kilgore (#31244)
erin.kilgore@keanmiller.com
KEAN MILLER LLP
II City Plaza
400 Convention Street, Suite 700
Post Office Box 3513 (70821)
Baton Rouge, Louisiana 70802

Telephone: 225.387.0999
Facsimile: 225.388.9133

and

Brett P. Fenasci (#29858)
brett.fenasci@keanmiller.com
KEAN MILLER LLP
909 Poydras Street, Suite 3600
New Orleans, Louisiana  70112
Telephone: 504.585.3050
Facsimile: 504.585.3051

*Attorneys for PCS Nitrogen Fertilizer, L.P.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system:

Henri Michel Saunders
hsaunders@saunderschabert.com
Scotty E. Chabert, Jr.
schabert@saunderschabert.com
SAUNDERS & CHABERT
6525 Perkins Road
Baton Rouge, Louisiana  70808

Baton Rouge, Louisiana this 8th day of December, 2015.

*s/Erin L. Kilgore*
Erin Lutkewitte Kilgore